United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   JOSE MIGUEL AVALOS,

11                       Petitioner,              No. C 08-0949 WHA (PR)

12       vs.                                      **ORDER TO SHOW CAUSE**

13   BEN CURRY, Warden,

14                       Respondent.
                                            /
15   ————————————————————

16          Petitioner, a California prisoner currently incarcerated at the Correctional Training

17   Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §

18   2254.  He has paid the filing fee.

19          Venue is proper because the conviction was obtained in Monterey County, which is in

20   this district.  *See* 28 U.S.C. § 2241(d).

21                              **STATEMENT**

22          Petitioner pleaded nolo contendere to a charge of attempted murder and was sentenced to

23   prison for nineteen years.  He unsuccessfully appealed his conviction to the California Court of

24   Appeal, and he has filed state habeas petitions; all were denied.

25                              **DISCUSSION**

26   **A.     Standard of Review**

27          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

United States District Court

For the Northern District of California

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his counsel was ineffective in that he grossly mischaracterized petitioner's potential exposure, thus coercing him to take a plea offer; (2) his counsel was ineffective in stipulating to the factual basis for the plea when there was almost no evidence to support the gang enhancement; (3) his counsel was ineffective in failing to investigate before advising petitioner to take the plea offer; (4) his counsel was ineffective in failing to prepare for trial; (5) his counsel was ineffective in failing to advise petitioner that the prosecution had virtually no evidence of a gang connection, and thus was unlikely to be able to prove the gang enhancement; (6) the state courts' rejection of his ineffective assistance claims was an unreasonable application of clearly-established federal law and was based an unreasonable determination of the facts; (7) there was not a sufficient factual basis for the plea, a violation of his due process rights; (8) there was cumulative error; and (9) the state courts' refusal to hold an evidentiary hearing was objectively unreasonable.

Issue six, his contention that the state courts' rejection of his ineffective assistance claims was an unreasonable application of clearly-established federal law and was based an unreasonable determination of the facts, is simply a statement of the standard for granting federal

2

habeas relief if a constitutional violation is first found; it is not a basis for relief in itself.

Issue eight, a contention that there was cumulative error, is not a ground for federal habeas relief – in the absence of a constitutional violation, multiple errors which are not of constitutional dimension cannot cumulate to add up to a constitutional violation. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002) (where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation). It is true that constitutional violations can cumulate to establish prejudice, but that is something that will be considered automatically by the Court if constitutional error is established.

Issue nine, petitioner's contention that the state courts' failure to hold an evidentiary hearing violated his rights, is not a ground for habeas relief because there is no constitutional right to a state evidentiary hearing. See *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001) ("infirmities in state habeas proceedings do not constitute grounds for relief in federal court") (*quoting Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (emphasis added; internal quotation marks and citations omitted)).

For these reasons issues six, eight and nine will be dismissed. The other issues are sufficient o require a response.

### CONCLUSION

1. Issues six, eight and nine are **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

**United States District Court**
For the Northern District of California

court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March ___12___, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\avalos949.OSC.wpd

4

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JOSE MIGUEL AVALOS,

              Plaintiff,

  v.

BEN CURRY et al,

              Defendant.

_____/

Case Number: CV08-00949 WHA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Attorney General's Office
455 Golden Gate Ave.
San Francisco, CA 94102

Jose Miguel Avalos
T-62425/ RA-321L
Correctional Training Facility
PO Box 705
Soledad, CA 93960-0705

Dated: March 12, 2008

Richard W. Wieking, Clerk
By: Frank Justiliano, Deputy Clerk