1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  DORIAN JUNG
   Deputy Attorney General
6  State Bar No. 200116
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-1342
8    Fax: (415) 703-1234
   Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**JOSE MIGUEL AVALOS,**

                    Petitioner,

    v.

**BEN CURRY, Warden,**

                    Respondent.

C 08-0949 WHA

**MOTION TO DISMISS UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS**

### INTRODUCTION

Respondent moves to dismiss the petition for writ of habeas corpus. The petition is untimely, as it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). A motion to dismiss in lieu of an answer on the merits is appropriate where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint). Respondent has not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this case.

**PROCEDURAL BACKGROUND**

On February 27, 2002, the District Attorney of Monterey County filed a felony complaint against petitioner Jose Miguel Avalos, charging one count of attempted murder, in violation of Cal. Penal Code §§ 664, 187(a), and one count of assault with a firearm, in violation of Cal. Penal Code § 245(a)(2). In connection with both counts, the complaint alleged a street terrorism enhancement within the meaning of Cal. Penal Code § 186.22(b)(1), and use of a firearm in the commission of a felony within the meaning of Cal. Penal Code § 12022.5(a).

On May 28, 2002, pursuant to a negotiated plea agreement, petitioner pleaded no contest to the charge of attempted murder and admitted the associated enhancements. Petitioner stipulated to a 19-year state prison term, conditioned on the dismissal of the assault charge.

On July 3, 2002, the trial court sentenced petitioner to state prison for the total determinate term of 19 years. The court dismissed count 2, assault with a firearm, and struck the associated enhancements. Petitioner appealed. On August 6, 2003, the California Court of Appeal affirmed petitioner's conviction. Exh. 1. Petitioner never filed a petition for review in the state supreme court. Petn. at 6.

On January 23, 2007, petitioner filed a petition for writ of habeas corpus in the Monterey County Superior Court. Petitioner's Exh. A. On March 23, 2007, the court denied the petition. Petitioner's Exh. A.

On April 2, 2007, petitioner filed a petition for writ of habeas corpus, case number H031370, in the California Court of Appeal. Exh. 2. On May 10, 2007, the court denied the petition. Exh. 2.

On May 25, 2007, petitioner filed a petition for writ of habeas corpus, case number S152952, in the California Supreme Court. Exh. 3. On October 10, 2007, the court denied the petition with a citation *People v. Duvall*, 9 Cal.4th 464, 474 (1995) (denying petition for failure to plead reasonably available facts). Exh. 3.

On February 14, 2008, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

**ARGUMENT**

**THE INSTANT PETITION IS UNTIMELY AND DISMISSAL WITH PREJUDICE IS REQUIRED**

Petitioner filed the instant petition on February 14, 2008. Accordingly, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA imposed a one-year statute of limitations on the filing of habeas petitions in federal court. 28 U.S.C. § 2244(d). The year commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the California Court of Appeal affirmed petitioner's conviction on August 6, 2003. Petitioner did not seek review in the state supreme court within 40 days as provided by Cal. Rules of Court 8.500(e)(1). Petn. at 6. Petitioner's judgment therefore became final on September 15, 2003. The applicable statute of limitations period expired on September 14, 2004. The instant federal petition is therefore untimely by over three years.

The limitations period is tolled during the pendency of a properly filed state collateral challenge to the judgment. 28 U.S.C. § 2244(d)(2). However, a state habeas corpus petition filed after the statute has expired does not toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Here, petitioner did not commence his state collateral challenges until several years after the limitations period expired. Accordingly, none of his state habeas petitions tolled the statute.

Petitioner claims that his untimely filing is due to "extraordinary circumstances directly related to the performance of petitioner's habeas corpus counsel, a Mr. Michael Y. Alvarez." Mot. To Entertain Habeas Corpus Petition at 2. Petitioner points out that his attorney was eventually "arrested and pleaded guilty to felony theft charges directly related to his professional status as an

Motion To Dismiss Untimely Petition - *Avalos v. Curry* - C 08-0949 WHA

3

attorney—stemming from crimes he committed between 1997 and 2004." Mot. To Entertain Habeas Corpus Petition at 3. Petitioner's claim of equitable tolling fails.

Assuming that equitable tolling applies to the AEDPA, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court has rejected the notion that attorney error justifies equitable tolling. In *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the petitioner argued that his counsel's mistake in miscalculating the limitations period to include the time for seeking certiorari review after the state habeas proceedings entitled him to equitable tolling. The Supreme Court disagreed, stating, "If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.* at 1085. Likewise, the Ninth Circuit Court of Appeals has repeatedly held that an attorney's negligence generally does not constitute extraordinary circumstances sufficient to warrant equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (denying equitable tolling for attorney negligence because there is no right to effective assistance of counsel for post-conviction relief); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney miscalculation and "negligence in general" not sufficient to warrant equitable tolling). However, the Ninth Circuit has acknowledged "that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (finding attorney's actions sufficiently egregious where attorney failed to prepare and file a petition although he was hired one year before the deadline; petitioner and his mother contacted the attorney numerous times seeking action; and, despite a request within the limitations period, attorney failed to return petitioner's file until more than two months after the limitations period had expired).

Here, petitioner fails to show that he diligently pursued his rights. Indeed, he did not even seek a petition for review in the California Supreme Court. After the state appellate court's decision became final on September 15, 2003, petitioner waited a further 10 and one-half months before

commencing even preliminary discussions for counsel to prepare his habeas petition. Counsel's correspondence shows that petitioner did not contact counsel until July 26, 2004. Mot. To Entertain Habeas Corpus Petition, App. C, July 26, 2004, letter. Even then, petitioner did not direct counsel to file a pleading that would toll the statute of limitations period. Instead, petitioner's mother retained counsel only for the limited purpose of "meeting with [petitioner] to discuss [his] case regarding any potential basis for a Habeas Corpus petition." Mot. To Entertain Habeas Corpus Petition, App. C, July 26, 2004, letter. As late as April 18, 2005, several months after the expiration of the statute of limitations period, counsel advised petitioner, "I have not been able to set up an appointment with your mother to discuss a possible retainer on the Habeas Corpus Petition. *Therefore, I cannot begin any research or investigation into your matter. Once I am retained and I can commence my research*, I will be able to answer more questions for your regarding your case." Mot. To Entertain Habeas Corpus Petition, App. C, April 18, 2005, letter (italics added).

Petitioner therefore did not actually retain counsel until May 2005, over eight months after the applicable statute of limitations period had expired. Mot. To Entertain Habeas Corpus Petition, App. C, May 6, 2005, letter. He personally demonstrated a total lack diligence in pursuing the instant petition. He therefore cannot claim equitable tolling or blame his failure to file a petition on counsel's egregious misconduct, which had no bearing on the expiration of the limitations period. Some "circuits have had occasion to recognize that equitable tolling is appropriate when a delay in filing a habeas petition resulted from sufficiently egregious performance of counsel," *Spitsyn*, 345 F.3d at 800, but no circuit has found equitable tolling where the applicable limitations period lapsed several months before the petitioner retained habeas counsel.

Under these circumstances, evidence of habeas counsel's misconduct in other cases is irrelevant. Indeed, "evidence that the attorney may have erred or acted inappropriately in unrelated cases will normally have little, if any, probative value." *Bonin v. Calderon*, 59 F.3d 815, 828-29 (9th Cir. 1995). Further, even "the fact that an attorney is suspended or disbarred does not, without more, rise to the constitutional significance of ineffective counsel under the Sixth Amendment. Rather, a defendant must ordinarily point to specific conduct which prejudiced him in order to raise the constitutional claim." *United States v. Mouzin*, 785 F.2d 682, 696-97 (9th Cir. 1986).

1         Petitioner cannot identify any prejudice resulting from habeas counsel's specific
2 misconduct because petitioner waited eight months after the expiration of the limitations period to
3 retain counsel.  Petitioner's case bears no resemblance to *Spitsyn*, where the petitioner retained
4 habeas counsel *one full year before* the expiration of the limitations period. 345 F.3d at 801. The
5 instant federal petition is thus untimely and must be dismissed with prejudice. *See Green v. White*,
6 223 F.3d 1001, 1002 (9th Cir. 2000).

## CONCLUSION

Accordingly, respondent respectfully requests that the Court dismiss the untimely petition for writ of habeas corpus with prejudice.

Dated: April 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Dorian Jung
DORIAN JUNG
Deputy Attorney General

Attorneys for Respondent

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Avalos v. Curry**

No.:   **C 08-0949 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>April 21, 2008</u>, I served the attached

**MOTION TO DISMISS UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Jose Miguel Avalos
T-62425/ RA-321L
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 21, 2008, at San Francisco, California.

|  M. Argarin  |  /s/ M. Argarin  |
|:---:|:---:|
| Declarant | Signature |

40244156.wpd

**EXHIBIT 1**

# CALIFORNIA APPELLATE COURTS
### Case Information

Welcome
Search
E-mail
Calendar
Help
Opinions


C|C home

## 6th Appellate District

Change court

Court data last updated: 04/07/2008 07:05 PM

**Case Summary** | **Docket** | **Scheduled Actions** | **Briefs**
**Disposition** | **Parties and Attorneys** | **Trial Court**

## Docket (Register of Actions)

**The People v. Avalos**
**Case Number H025550**

| Date | Description | Notes |
|---|---|---|
| 02/03/2003 | Motion for relief from default filed. | By defendant for failure to file a timely notice of appeal (Hold for opposition) |
| 02/19/2003 | To court. | Dfdt's mtn for rlf from default for flre to file a timely NOA (No oppo filed) |
| 02/20/2003 | Order filed. | Dfdt's applcn for rlf frm default, etc., is grtd prvded a NOA cmplyng w/rule 31(d) CRC, is duly fld in sup crt w/in 10 dys frm the date of this order (CLR) |
| 02/28/2003 | Notice of appeal lodged/received (criminal). | (Call Elizabeth at appeals if not rcvd) |
| 02/28/2003 | Counsel appointment order filed. | SDAP appointed as counsel for appellant |
| 02/28/2003 | Letter sent to: | SDAP re appeal is limited pursuant to rule 31(d) CRC |
| 03/14/2003 | Recommendation of counsel by SDAP filed. | Jonathan Grossman, Esq., is associated as counsel for appellant |
| 03/28/2003 | Court reporter extension granted. | Reporter: York Meeske, Lisa (010617). Deadline extended to: 04/16/03. |
| 04/17/2003 | Telephone conversation with: | Elizabeth at appeals; Ctrr York-Meeske's tx is in; Rcrd on appeal was mailed to us today |
| 04/22/2003 | Record on appeal filed. | C-1; R-2 |
| 04/22/2003 | Probation report filed. | |
| 05/19/2003 | Appellant's opening brief. | Attorney: Grossman, Jonathan Party: Avalos, Jose |
| 06/09/2003 | Respondent's brief. | Attorney: Jung, Dorian Party: The People (Note: Concession by AG) |
| 06/10/2003 | Case fully briefed. | |
| 06/12/2003 | Filed letter from: | Applt's cnsl dtd 6/10/03 confirming respondent's concession; Applt waives flng ARB (see ltr) |

| 06/26/2003 | ***To be assigned***. | as concession |
| --- | --- | --- |
| 08/01/2003 | Case on conference list. | 8/7/03 conf list |
| 08/06/2003 | Submission order filed. | |
| 08/06/2003 | Opinion filed. | Affirmed but jdgmnt mdfd to reduce the restitution & parole revocation fines, etc.; EMP, FDE & PBM (Not Published) |
| 08/06/2003 | Note: | Cps of opinion mailed to Dept of Corrections & Monterey Co. DA's Office this day |
| 10/07/2003 | Remittitur issued. | |
| 10/07/2003 | Case complete. | |
| 10/21/2003 | Record purged - to be shipped to state records center. | |
| 06/07/2007 | Shipped to state retention center, box # / list #: | 15/85 |

Click here to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

**EXHIBIT 2**

# CALIFORNIA APPELLATE COURTS
Case Information



- Welcome
- Search
- E-mail
- Calendar
- Help
- Opinions
- C|C home

**6th Appellate District**    Change court

Court data last updated: 04/07/2008 07:05 PM

Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court

## Docket (Register of Actions)

Avalos on Habeas Corpus
Case Number H031370

| Date | Description | Notes |
|---|---|---|
| 04/02/2007 | Petition for a writ of habeas corpus filed. | |
| 05/10/2007 | Case fully briefed. | |
| 05/10/2007 | Order denying petition filed. | The petition for writ of habeas corpus is denied (P, WD) |
| 05/10/2007 | Case complete. | |
| 07/10/2007 | Record purged - to be shipped to state records center. | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

**EXHIBIT 3**

# CALIFORNIA APPELLATE COURTS
Case Information



| Supreme Court |
|---|
| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Opinions |
| C\|C home |

## Supreme Court

Change court

Court data last updated: 04/07/2008 07:54 PM

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court

### Docket (Register of Actions)

**AVALOS (JOSE MIGUEL) ON H.C.**
**Case Number S152952**

| Date | Description | Notes |
|---|---|---|
| 05/25/2007 | Petition for writ of habeas corpus filed | Jose Miguel Avalos, petitioner in pro per. Exhibits w/original |
| 10/10/2007 | Petition for writ of habeas corpus denied | (See People v. Duvall (1995) 9 Cal.4th 464, 474.) |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California