JOSE MIGUEL AVALOS
CDCR #T-62425   RA-321L
C.T.F. NORTH FACILITY
P.O. BOX 705
SOLEDAD, CALIF. 93960-0705

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE MIGUEL AVALOS, | ) | Case No. C 08-0949 WHA |
| | ) | |
| Petitioner, | ) | PETITIONER'S OPPOSITION TO |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| -vs- | ) | HABEAS CORPUS PETITION AS BEING |
| | ) | UNTIMELY |
| BEN CURRY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**COMES NOW**, petitioner, **Jose Miguel Avalos**, pursuant to all relevant and applicable rules, and hereby opposes respondent's motion to dismiss petitioner's petition for writ of habeas corpus as untimely to which petitioner further states as follows:

### PROCEDURAL BACKGROUND

Petitioner incorporates by reference as if rewritten herein, the Procedural Background contained therein his Motion to Entertain Habeas Corpus Petition currently filed with this court, and the Statement of the Case contained therein his pending habeas petition--currently lodged with this court just the same, and so urges this court to look to such documents for a comprehensive review of the procedural history of this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT I-A.

**RESPONDENT'S CLAIM THAT PETITIONER'S HABEAS CORPUS PETITION REQUIRES DISMISSAL WITH PREJUDICE DUE TO UNTIMELINESS LACKS MERIT AND BECAUSE SO SHOULD BE REJECTED THEREBY PROMPTING THE MERITS OF PETITIONER'S CLAIMS TO BE ADDRESSED IN FULL.**

In support of respondent's claim of untimeliness, respondent: (1) cites and relies upon a brief litany of federal cases--including one U.S. Supreme Court case--to buttress its stance; (2) claims that petitioner [purportedly] failed to diligently pursue his rights; and (3) claims that petitioner [purportedly] waited 8 months after the applicable statute of limitations period expired before retaining counsel of which he complains of thereby diminishing petitioner's claim of equitable tolling. See Resp. Mot. to Dis. at pp. 2-5.

Petitioner contends, however, as discussed more fully below, that respondent's reasoning is misplaced and thus, must fail.

### 1-B. The Case Authority of Which Respondent Relies Upon.

Respondent, in an attempt to justify its position, cites an array of cases, including U.S. Supreme Court authority as that of **Lawrence v. Florida**, 127 S.Ct. 1079 (2007), and various other cases that echoes the reasoning of **Lawrence**, e.g., **Miranda v. Castro**, 292 F.3d 1063, 1067-68 (9th Cir. 2002); **Frye v. Hickman**, 273 F.3d 1144, 1146 (9th Cir. 2001).

In **Lawrence**, the U.S. Supreme Court reasoned that: ["]attorney miscalculation is simply not sufficient to warrant

2

equitable tolling of one-year statute of limitations for seeking federal habeas corpus relief from a state court judgement, particularly in the post conviction context where prisoners have no constitutional right to counsel." See **Lawrence**, **supra** at p. 1079.

Here, the circumstances of petitioner's case lacks affinity to those outlined in **Lawrence**, thereby rendering respondent's contrary stance unavailing. For example, incorporating petitioner's Mot. to Entertain Habeas Pet. passim and petitioner's verified declaration attached hereto infra as Exhibit (Exh.) A, by reference as if rewritten herein--and as discussed more fully post--petitioner adequately outlined how the performance of his post conviction attorney (Michael Y. Alvarez) was far more egregious than that of mere miscalculation and general negligence. In fact, petitioner presented credible evidence therein his Mot. to Entertain Habeas Pet. indicating that Mr. Alvarez was deliberately engaged in fraudulent and felonious conduct specifically geared toward defrauding petitioner and petitioner's mother. Given the abovesaid opprobrious conduct of Mr. Alvarez, it simply is oxymoronic for respondent to equate such conduct to that of mere (general) neglect and miscalculation. Accordingly, respondent's reasoning to the contrary must fail.

## I-C. Petitioner's Purported Failure to Exercise Diligence.

First, respondent's mention of petitioner failing to seek a Petition for Review in the California Supreme Court

is baseless.  Simply put, there was no reason to seek review
as it is that the only claim raised therein petitioner's
direct appeal was based on restitution issues—of which such
claim prevailed.  Being so, and because there were no other
claims raised on direct appeal, review was thus unwarranted.

Next, respondent's position that petitioner waited 10
and one half months before commencing preliminary discussions
for Mr. Alvarez to prepare his habeas petition is equally
baseless.  Respondent avers that it was not until July 26,
2004, in which petitioner initiated contact with Mr. Alvarez.
However, the July 26, 2004 letter of which respondent relies
upon to suport its stance (Mot. to Entertain Habeas Pet.
at Exh. C) was addressed to petitioner from Mr. Alvarez as
opposed to being addressed to Mr. Alvarez from petitioner.
As duly noted therein petitioner's verified declaration hereto
at Exh. A, petitioner, upon being notified by his mother
in early (January) 2004 that she would be hiring Mr. Alvarez,
immediately began writing to Mr. Alvarez to "touch formal
basis" with him.  Petitioner however, never received a
response to either of the myriad of letters of which he mailed
to Mr. Alvarez between January, 2004 (see Exh. A hereto.)
The aforesaid July 26, 2004 letter was Mr. Alvarez's first
formal and initiated contact with petitioner—yet a "contact"
which discourteously failed to mention ever receiving the
myriad of letters of which petitioner sent him.

More notably, while petitioner lacks copies of the
letters of which he mailed to Mr. Alvarez, he nonetheless

avers that in each and every letter, he reminded Mr. Alvarez
of the time constraints of which he was up against and thus,
per petitioner's own research and advices from various
jailhouse lawyers, implored upon Mr. Alvarez just the same,
to file a timely pleading.  To date however, Mr. Alvarez
never responded to either of petitioner's letters of which
were sent between January, 2004, and July, 2004.  In fact,
it was only after meeting with petitioner in person that Mr.
Alvarez finally responded directly to one of petitioner's
myriad of letters.

Further, while respondent avers that Mr. Alvarez had
been not been formally retained in a timely fashion, petitioner
contends that he was informed by Mr. Alvarez during his contact
visit with him that "all bases were covered." See petitioenr's
verified declaration hereto.

Finally, but most importantly, respondent conveniently
loses sight of the felonious and sustained criminal conduct
against Mr. Alvarez--all of which effectively undermines the
entire substance of Mr. Alvarez's carefully and fraudulently
crafted letters as being "incredible."  Any contrary reasoning
must fail.

## I-D. Petitioner's Alleged Wait of Eight Months After The Expiration Date of Filing to Retain Mr. Alvarez.

Far contrary to that which respondent contends,
petitioner did not wait eight months after the expiration
date of filing to retain Mr. Alvarez.

Incorporating Argument I-B and I-C supra, and
petitioner's Mot. to Entertain Habeas Pet., by reference

as if rewritten herein, petitioner has shown and presented
ample evidence to show that Mr. Alvarez's credibility is
effectively undermined, hence the credibility of his letters
undermined just the same. Being so, the fact that various
of Mr. Alvarez's letters to petitioner notes his having
difficulty setting up appointments with, and getting retained
by petitioner's mother does nothing in the least to render
such letters credible. As noted therein petitioner's verified
declaration hereto, petitioner consistently implored upon
Mr. Alvarez via written letters to file a pleading.

Additionally, petitioner was informed by his mother
early on that Mr. Alvarez assured her that he would be filing
a timely pleading....and likewise (Mr. Alvarez) advised her
to tell petitioner to "stop listening to 'jailhouse
lawyers'....and to not try to "do this" (litigate a habeas
action) on his own. See petitioner's verified declaration
hereto. As such, respondent's claim--based on the incredible
contents of Mr. Alvarez's letters--that petitioner waited
eight months after the expiration date to file his petition,
all simply lacks merit. Any contrary reasoning must fail.

Finally, as petitioner explains therein his verified
declaration hereto, he has been conducting a bonafide
investigation into his instant claims from the time his direct
appeal was adjudicated--despite the fact that he was/is a
virtual layman to the law. Accordingly, respondent's
implication that petitioner lackadaisically stood by without
making diligent efforts to pursue his rights simply fails

as it is that respondent relies chiefly upon the incredible words of Mr. Alvarez to support its stance.

## CONCLUSION

For all of the foregoing reasons, and those stated in petitioner's verified declaration infra, respondent's motion to dismiss should be denied thereby prompting the merits of petitioner's habeas petition to be fully addressed.


Respectfully submitted,


By: _____
    Jose Miguel Avalos
    CDCR #T-62425  RA-321L
    C.T.F. North Facility
    P.O. Box 705
    Soledad, Calif. 93960-0689


## VERIFICATION

I, **Jose Miguel Avalos**, hereby declare and affirm under penalty of perjury that all of the foregoing is true and correct and that I am a party to this instant action, to wit, the petitioner.

Executed on this __7__ day of __MAY_____, 2008.


By: _____
    Jose Miguel Avalos
    CDCR #T-62425  RA-321L
    C.T.F. North Facility
    P.O. Box 705
    Soledad, Calif. 93960-0705

7

E X H I B I T      "A"

JOSE MIGUEL AVALOS
CDCR #T-62425  RA-321L
C.T.F. NORTH FACILITY
P.O. BOX 705
SOLEDAD, CALIF. 93960-0705

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL AVALOS,          ) | Case No. C 08-0949 WHA |
| )                              | |
| Petitioner,   ) | VERIFIED DECLARATION OF |
| )                              | JOSE MIGUEL AVALOS, |
| -vs-                         ) | PETITIONER |
| )                              | |
| BEN CURRY, WARDEN,           ) | |
| )                              | |
| Respondent.   ) | |
| )                              | |
| _____) | |

I, **Jose Miguel Avalos**, hereby declare and affirm under
penalty of perjury and the laws of the state of California
and the United States of America as follows:

1. I am a citizen of the United States of America and
a resident of the state of California, currently incarcerated
in a California state penal facility, to wit, the Correctional
Training Facility (CTF), located in the city of Soledad,
California, in the county of Monterey.  I am over the age
of 18 years and competent to testify as follows:

2. Upon being informed by my mother in early 2004
(January) of her consulting with and hiring lawyer, Michael
Y. Alvarez for purposes of litigating a habeas action on my
behalf, I immediately wrote to Mr. Alvarez in an effort to
"touch bases" with him and to tell him my "side of the story"
and to apprise him of the legal research I had been engaged

in and the advices of which I had received from various jail-house lawyers.  Mr. Alvarez, however, never responded to my initial letter to him in early February.

3. From that point on, I wrote to Mr. Alvarez frequently and attempted to call him on various occasions--only to never receive a response of any sort to either of my letters or to the messages of which I left at his office via telephone.

4. It was in July of 2004 in which I received my first letter from Mr. Alvarez, and even then, such letter failed to even mention his having received any of the myriad of letters of which I had mailed to him, let alone, not mentioning anything about the contents of my letters.

5. When Mr. Alvarez finally came to visit me in prison, I immediately brought to his attention all of the research of which I had been engaged, and the advices I had received from various jailhouse lawyers--including those with regards to time constraints.  Mr. Alvarez told me "not to worry..... he had everything covered."

6. Despite the latter, Mr. Alvarez never did file any pleadings on my behalf.  I submitted countless letters to him imploring upon him to file a petition so that I would meet the necessary deadlines, yet no such filings took place.

7. I was informed by my mother on several occasions that Mr. Alvarez told her "everything was covered" and that I need to stop listening to incompetent jailhouse laywers.... and to not try "anything on my own."

2

8. Despite Mr. Alvarez never filing any pleadings on my behalf, my mother informed me that per her periodic contacts with--from the time she initially consulted with him in early 2004--Mr. Alvarez assured her that he would file the necessary paperwork. Mr. Alvarez's letters never reflected anything that he told me or my mother.

9. Although I was/am a total layman to the law, I none-theless have been conducting a bonafide investigation ongoingly into the claims raised therein my instant petition whereupon realizing that Mr. Alvarez simply was not going to file any pleadings on my behalf, I finally and immediately filed a state petition(s) on my own with the help of several jailhouse lawyers.

10. I, **Jose Miguel Avalos**, hereby declare and affirm on this ⁊ day of ＭＡＵ , 2008, that all of the foregoing is true and correct.

Jose Miguel Avalos
**D E C L A R A N T/Petitioner**

3

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, <u>JOSE MIGUEL AVALOS</u>, declare:

I am over 18 years of age and I am party to this action.  I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California.  My prison address is:

<u>Jose Miguel Avalos</u> , CDCR #: <u>T-62425</u>
CORRECTIONAL TRAINING FACILITY
P.O. BOX **705** CELL #: <u>RA-321L</u>
SOLEDAD, CA  93960-**0705**

On <u>MAY, 7, 2008</u>, I served the attached:

**OPPOSITION MOTION/ATTACHED EXHIBITS**

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined.  The envelope was addressed as follows:

**UNITED STATES DISTRICT COURT**      **OFFICE OF THE ATTORNEY GENERAL**
**NORTHERN DISTRICT OF CALIFORNIA**   **FOR THE STATE OF CALIFORNIA**
450 GOLDEN GATE AVENUE                455 GOLDEN GATE AVENUE, #11000
SAN FRANCISCO, CALIF. 94102-3483      SAN FRANCISCO, CALIF. 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>MAY, 7, 2008</u> .

Jose M. Avalos T-62425
Declarant

JOSE MIGUEL AVALOS, CDCR #T-62425
C.T.F. NORTH FACILITY RA-321L
P.O. BOX 705
SOLEDAD, CALIF. 93960-0705

LEGAL MAIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIF. 94102-3483



