IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL AVALOS,<br><br>        Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>        Respondent.<br>_____ / | No. C 08-0949 WHA (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Before the Court for ruling are petitioner's motion "To Entertain Habeas Petition," which essentially is a request for equitable tolling of the statute of limitations, and respondent's opposed motion to dismiss on statute of limitations grounds. Because both deal with the same issue, they will be discussed together. The motion to dismiss will be denied and the motion to proceed will be granted.

**DISCUSSION**

Respondent contends that the petition is barred by the statute of limitations and petitioner contends that he is entitled to equitable tolling.

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application

1  created by unconstitutional state action was removed, if such action prevented petitioner from
2  filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right
3  was newly recognized by the Supreme Court and made retroactive to cases on collateral
4  review; or (4) the factual predicate of the claim could have been discovered through the
5  exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed
6  application for state post-conviction or other collateral review is pending is excluded from the
7  one-year time limit. *Id.* § 2244(d)(2).

8        Respondent asserts, and petitioner does not dispute, that his direct appeal ended in
9  August of 2003, when the California Court of Appeal accepted his contention on appeal as to
10 the only issue (the amount of restitution), modified the judgment and affirmed. *People v.*
11 *Avalos*, 2003 WL 21802281 (Cal. App. Aug. 6, 2003) (unpublished). He did not, of course,
12 petition for review, as he had prevailed. Completion of direct review therefore was on
13 September 15, 2003, when the time to petition for review expired, and the statute of
14 limitations began running the next day. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir.
15 2002) (limitation period began running day after time to seek discretionary review of
16 California Court of Appeal's decision in the Supreme Court of California expired, which was
17 forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b),
18 45(a); Cal. Civ. Proc. Code § 12a). Absent tolling, therefore, this petition was due by
19 September 15, 2004. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting
20 "anniversary method," in which expiration date of limitation period will be the same date as
21 the triggering event but in the following year). It was not, however, filed until February of
22 2008, more than three years after expiration of the limitations period.

23       It is undisputed that petitioner is entitled to statutory tolling for the time he was
24 pursuing collateral relief in state court, from January 23, 2007, through October 10, 2007, but
25 absent equitable tolling the limitations period would have expired before the first of these
26 petitions. Petitioner contends he is entitled to equitable tolling because his counsel misled
27 him into believing that counsel was doing all that was necessary in his case.
28 ///

2

1   The Ninth Circuit has held that the one-year limitation period can be equitably tolled
2   because § 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United*
3   *States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other*
4   *grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en
5   banc). Two standards have been articulated for determining whether equitable tolling is
6   appropriate. The Ninth Circuit has long used the standard announced in *Beeler*: equitable
7   tolling will not be available in most cases because extensions of time should be granted only if
8   "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition
9   on time." *Id.* (citation and internal quotation marks omitted). In *Pace*, the Supreme Court
10  stated that, generally, "a litigant seeking equitable tolling bears the burden of establishing two
11  elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
12  circumstance stood in his way." *Pace*, 544 U.S. at 418 (petitioner's lack of diligence in filing
13  timely state and federal petitions precluded equitable tolling); *Rasberry v. Garcia*, 448 F.3d
14  1150, 1153 (9th Cir. 2006) (quoting *Pace*); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.
15  1999) ("When external forces, rather than a petitioner's lack of diligence, account for the
16  failure to file a timely claim, equitable tolling of the statute of limitations may be
17  appropriate."). The Ninth Circuit has not settled on a single consistent standard. *Harris v.*
18  *Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (declining to decide whether *Pace* standard
19  differs from *Beeler* standard).

20  Petitioner contends he is entitled to equitable tolling because of the misconduct of his
21  attorney. The facts of petitioner's relationship with attorney Michael Y. Alvarez are set out in
22  petitioner's motion to entertain the petition and declarations in support, and in his opposition
23  to the motion to dismiss and declaration in support. Because the motions themselves are
24  verified, the factual allegations in them are treated as if they were contained in a declaration;
25  none of the facts, as opposed to conclusions, are contradicted, so they are taken as true.

26  Petitioner alleges that he was told by his mother in January of 2004 that she had
27  decided to retain Alvarez. This was well before expiration of the statute of limitations on
28  September 15, 2007. He immediately began writing letters to Alvarez, attempting to make

1   contact, and says that in every single letter he mentioned the time constraints he had been told
2   about by jailhouse lawyers (Opp. at 4-5).  Alvarez finally wrote to petitioner on July 26, 2004,
3   but did not say anything about the statute of limitations (Mot. to Entertain Habeas Corpus
4   Petition, Exh. C at 1).  He did, however, say "your mother . . . has retained my office for the
5   purpose of meeting with you personally to discuss your case regarding any potential basis for
6   a Habeas Corpus petition" (*ibid.*).  There followed a series of letters regarding a video tape
7   Alvarez was attempting to obtain from petitioner's former lawyer and about arrangements for
8   the personal visit.  After many delays the visit occurred in December of 2004 or early 2005, as
9   it is referred to in a letter dated February 14, 2005.  Petitioner says that in this visit Alvarez
10  assured him that "all bases were covered" (Opp. at 5).  He was informed by his mother that
11  Alvarez had assured her that "everything was covered," that he would "file the necessary
12  paperwork," that petitioner should stop listening to jailhouse lawyers, and that he should not
13  try to do anything himself (Opp, Exh. A (decl. of pet.) at ¶ ¶ 7-8).
14         Petitioner's mother and petitioner learned in March of 2006 that Alvarez had been
15  arrested and had pleaded guilty to theft of clients' money ( (Mot. to Entertain Habeas Corpus
16  Petition at 3).  They attempted to contact him, but were not successful until mid-2006, at
17  which time he assured them that despite his impending one-year jail sentence, he was
18  preparing the habeas action (*id.* at 4).  They subsequently learned that Alvarez had failed to
19  surrender and was a fugitive (*ibid.*).  Petitioner's mother was unable to retrieve any of
20  petitioner's papers from Alvarez' office (*ibid.*).  The state Client Security Fund Commission
21  reimbursed petitioner's mother $5300 of the money she had paid Alavarez, despite the fact
22  that he was "not an active member of the State Bar at all times relevant . . ." (*id.* at Exh. G).
23         Respondent's position is that Alvarez was not actually retained until May of 2005,
24  after expiration of the statute of limitations (Mot. to Dismiss at 5).  This ignores the statement
25  in Alvarez' July 26, 2004, letter, which was written within the statute of limitations, stating
26  that he had been retained to meet with petitioner to discuss a possible habeas petition ((Mot.
27  to Entertain Habeas Corpus Petition, Exh. C at 1).  It also ignores Alvarez' repeated
28  assurances prior to that date that he was taking care of petitioner's case and that petitioner

4

need not worry about time limitations. It does appear that the decision to have Alvarez prepare a habeas petition was not taken until after expiration of the statute of limitations, but that does not negate the fact that petitioner and his mother were relying on Alvarez' assurances that there was no limitations problem, assurances made both prior to and after the expiration.

The conduct by petitioner's attorney in this case far exceeds mere negligence, and so is sufficient to constitute an "extraordinary circumstance" that prevented petitioner from filing his appeal on time. *See Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (where attorney's conduct is sufficiently egregious, as opposed to merely negligent, equitable tolling may be appropriate). In addition, petitioner's description of his efforts to get his petition filed on time, by pressuring Alvarez and then by attempting to do it himself, suffices to show due diligence. Because equitable tolling is appropriate, the motion to dismiss will be denied.

## CONCLUSION

Petitioner's motion to extend the time for him to pay the filing fee (document number 4 on the docket) is **GRANTED** and the payment is deemed timely.

Respondent's motion to dismiss (document number 7 on the docket) is **DENIED**. Petitioner's motion to let the case proceed (document 2) is **GRANTED**. Respondent shall answer the order to show cause within thirty days of the date this order is entered.

**IT IS SO ORDERED.**

Dated: August   18  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

1  G:\PRO-SE\WHA\HC.08\avalos949.MDSMSS.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL AVALOS,<br><br>           Plaintiff,<br><br>   v.<br><br>BEN CURRY et al,<br><br>           Defendant.<br>_____/ | Case Number: CV08-00949 WHA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jose Miguel Avalos
T-62425/ RA-321L
Correctional Training Facility
PO Box 705
Soledad, CA 93960-0705

Dated: August 20, 2008

                              Richard W. Wieking, Clerk
                              By: D. Toland, Deputy Clerk