IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL AVALOS,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY,<br><br>    Respondent. | No. C 08-0949 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Jose Miguel Avalos, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

### I. PROCEDURAL BACKGROUND

In 2002, petitioner was charged with attempted murder (Cal. Pen. Code § 664/187(a)), with enhancements for committing a felony for the benefit of a criminal street gang (Cal. Pen. Code § 186.22(b)(1)) and using of a firearm in the commission of a felony (Cal. Pen. Code § 12022.5). Petitioner pleaded no contest to the charges and stipulated to a term of 19 years in state prison. The stipulated sentence represented the lower term of five years for attempted non-premeditated murder, the middle term of four years for the firearm enhancement, and ten years for

the gang enhancement (Ex. B, Vol. 2 at 254-55). As a condition for the plea, the prosecution dismissed an additional charge of assault with a firearm (Cal. Pen. Code § 245(a)(2)), which carried both the street gang and firearm enhancements (Ex. A at 42). Petitioner signed a waiver of rights form indicating that he was aware of the charges and that he was knowingly and voluntarily waiving his right to a trial by jury (*id.* at 15-16).

Petitioner appealed to the California Court of Appeal, but argued only that his restitution fine was too high (Ex. C). The Court of Appeal reduced the fine from $3800 to $200 (Ex. F). In 2007, petitioner filed a petition for a writ of habeas corpus in Monterey County Superior Court. The superior court affirmed petitioner's conviction and denied the writ (Ex. G). Both the California Court of Appeal and the California Supreme Court declined to hear the petition for a writ of habeas corpus (Exs. H, J).

## II.  FACTUAL BACKGROUND

On February 12, 2002, 17-year-old R.N., an admitted member of the Norteño street gang, stopped his black SUV at a stop sign. He heard a loud "pop" as his front passenger window shattered. He was hit by a bullet, but the injury was not life-threatening. Police later recovered a .25 caliber bullet from the front passenger door of the car.

Police arrested petitioner two weeks later after they realized that petitioner's car matched a description of the shooter's car. Upon searching the car, they found two .25 caliber bullet casings, two methamphetamine pipes, bolt cutters, and live shotgun rounds.

Petitioner told police three different stories. First, he said that he drove the car, but the front passenger was the shooter. Then, he claimed that he was the shooter, but the shooting was not gang-motivated. Later, he said that his first story was the true story, and that he lied about being the shooter because he feared for his and his family's safety if he did not take responsibility for the shooting.

//
//

2

# ANALYSIS

## I. STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). In this case, the last reasoned opinion is that of the Monterey County Superior Court.

## II. PETITIONER'S GROUNDS FOR RELIEF

As grounds for habeas relief, petitioner asserts that (1) he received inaccurate information as to the maximum prison term for the charged crimes, (2) his attorney improperly stipulated to the factual basis for the plea, (3) his attorney failed to investigate the case before advising petitioner to plead, (4) his attorney failed to prepare for trial, and (5) his attorney failed to advise petitioner of potential defenses.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth

3

Amendment right to counsel, which guarantees not only assistance, but effective assistance, of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, petitioner must prove two elements. First, he must establish that counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. INCORRECT INFORMATION AS TO PRISON TERM

Petitioner claims that he received inaccurate information from two sources — the waiver of rights form and from his trial attorney, Kevin Hyatt — as to the maximum sentence he faced if he went to trial on the charges. The Superior Court disagreed, finding that the waiver of rights form petitioner signed (titled "Waiver of Rights, Plea of Guilty/No Contest") indicated that he faced 24 years in prison plus 4 years of probation for the crime to which he pleaded no contest, plus enhancements (Ex. G at 2).

Petitioner argues that the waiver form he signed when pleading no contest did not indicate that he would face up to 69 years to life on the charges of both attempted murder and assault with a firearm, plus enhancements (Pet. MPA 3). The waiver stated only the maximum penalty for the charge to which he pleaded guilty, i.e. attempted murder with enhancements, which was 24 years plus four years of probation (Ex. A at 15). Petitioner claims that the form should have also included his exposure if convicted on the other charge of assault, even though he was not pleading guilty to that charge and it was being dismissed in exchange for his guilty plea on the attempted murder charge.

The waiver's failure to address the full penalty he could have faced on all charges, and Hyatt's alleged failure to object to this omission, does not establish a constitutional violation. The waiver form simply informs a defendant pleading guilty or no contest of the maximum penalty he could face at trial for the charges to which he pleads, which satisfies the requirement that a trial

4

court advise a defendant who pleads guilty of the maximum penalty for his crime. *See United States ex rel. Pebworth v. Conte*, 489 F.2d 266, 267 (9th Cir. 1974). The waiver informed petitioner what the maximum sentence would be for only the charges to which he pleaded no contest (Ex. A at 15). As the prosecution withdrew the assault charge, it was not among the charges to which he pleaded no contest, and its penalty therefore did not need to be included on the waiver form.

Petitioner also argues that the waiver of rights form was incorrect as to the maximum penalty for the attempted murder charge with enhancements, which he argues was in fact 29 years, not 24 years (Pet. MPA 3-4). Even if the form was incorrect in this fashion, this error was not prejudicial because it under-represented, as opposed to over-represented, the maximum he actually faced, but he decided to plead guilty anyway. Had the waiver correctly reflected petitioner's longer maximum exposure at trial, he would have only been more likely to plead guilty, not less.

In his traverse, petitioner makes the new argument that his trial lawyer misadvised him "as to the maximum sentence he could receive had he been found guilty on 'all' charges in trial" (Trav. 4). His lawyer advised him that he faced a possible sentence of 69 years to life (Avalos Decl. 2). A review of the relevant law shows that in 2002, attempted premeditated murder actually carried the larger maximum possible penalty of life without the possibility of parole (Cal. Pen. Code § 187(a), 664). "A mere inaccurate prediction, standing alone, would not constitute ineffective assistance" unless counsel grossly mischaracterized the likely outcome. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Hyatt's estimate, though inaccurate, was not "grossly" inaccurate. As petitioner was twenty years old when convicted (Ex. K at 1), a term of 69 years to life would, for him, be nearly equivalent to life without the possibility of parole. Hyatt's estimate was thus not a "gross" mischaracterization of the likely outcome.

Even though Hyatt's estimate was inaccurate, petitioner was not prejudiced as a result. When a petitioner claims ineffective assistance of counsel during a plea agreement, he satisfies the prejudice requirement of the second *Strickland* prong by showing that, "but for counsel's errors, he

5

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner's argument could possibly have merit if the actual possible penalty were *less* than Hyatt's estimate. In that hypothetical situation, but for Hyatt's erroneous advice, petitioner might would have taken his chances at trial instead of pleading no contest. *See ibid*. Here, however, Hyatt's advice cut the other way: the fact that petitioner faced life without the possibility of parole, a harsher penalty than what Hyatt estimated, would only make it more likely that petitioner would have pleaded guilty had he known of the longer penalty he actually faced.

Petitioner has failed to show that the information he received about his maximum possible sentence at trial violated his constitutional rights or was prejudicial to him. Therefore, the state court's decision was contrary to or an unreasonable application of clearly established federal law, and petitioner is not entitled to federal habeas relief based on this claim.

### B. STIPULATION TO FACTUAL BASIS FOR THE PLEA

Petitioner next claims that Hyatt should not have stipulated to the facts of the no contest plea (Pet. MPA 6). The trial court asked if there was a factual basis for the plea, to which Hyatt replied that there was (Ex. B, Vol. 2 at 4). The court accepted this stipulation as sufficient, but petitioner contends that Hyatt's failure to also describe the actual stipulated facts of the crimes constituted "deficient performance" (Pet. MPA 8-9). In denying this claim, the state court found that the stipulation alone constituted a "factual basis" under state law and that petitioner "understood and knowingly, voluntarily and intelligently waived his rights" (Ex. G at 3).

Hyatt did not perform deficiently in submitting only the stipulation and not also describing the stipulated facts themselves. The California Court of Appeal determined that the stipulation alone was sufficient under state law, a determination that is binding here. *See Hicks v. Feiock*, 485 U.S. 624, 629 (1988) (state court's determination of state law binding on federal habeas court). There is also no federal constitutional requirement that there be more than the simple stipulation. *See Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985). The Constitution requires only that a trial court create a record affirmatively showing that the plea was knowing and voluntary.

6

*Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). The trial court here created such a record. There was a stipulation that a factual basis for the plea exists. *United States v. Newman*, 912 F.2d 1119, 1123 (9th Cir. 1990) (the fact that a factual basis for a plea exists indicates plea was "knowing and voluntary"). Further, petitioner signed and initialed the waiver of rights form, indicating his free and voluntary decision to plead no contest to the charges (Ex. A at 15-16). The trial court also found that petitioner "knowingly, voluntarily, and intelligently" waived his right to a trial (Ex. B, Vol. 1 at 5). Counsel did not perform deficiently in simply submitting the stipulation that a factual basis for the plea exists because neither state law nor the federal constitution required more. Consequently, the state court's denial of this claim was neither contrary to nor an unreasonable application of clearly established federal law.

### C. FAILURE TO INVESTIGATE THE CASE, PREPARE FOR TRIAL, AND ADVISE OF POTENTIAL DEFENSES

Petitioner's third, fourth, and fifth claims for relief all involve Hyatt's alleged failure to investigate the case and prepare a defense for trial before advising petitioner to plead guilty. The Superior Court denied this claim, as petitioner "failed to show he was prepared to go to trial" and "fail[ed] to identify specifically what defenses existed" (Ex. G at 4).

Petitioner's argument in this claim centers around the gang enhancement, as he admits to being the shooter, but claims that he was not a gang member and that the shooting was not gang-motivated (Avalos Decl. 2; Ex. K at 5). The parole officer's report, however, noted that petitioner was listed in county jail records as being affiliated with the Sureño street gang (Answer to Pet. ("Answer") 10). In addition, the victim was an admitted member of the rival Norteño street gang (*ibid.*). In light of this evidence, according to petitioner, Hyatt told him that he was "guaranteed to lose at trial as to the gang allegations and all of the charges" (Avalos Decl. 3).

Defense counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 at 691. A decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Ibid.* In order to prevail, petitioner must

7

show not merely that counsel could have pursued other avenues, but that counsel's choice not to pursue other avenues was unreasonable. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

Contrary to petitioner's statements that Hyatt failed to investigate the case, Hyatt had, in fact, investigated the case and concluded that petitioner's chances of winning at trial were poor. Even though petitioner insisted that he was not a gang member and the shooting was not gang-related, Hyatt learned of the prosecution's evidence to the contrary, specifically the county jail record noting that petitioner as associated with Sureño gang members while in jail, as well as the victim's status as a Norteño (Ex. K at 5). Petitioner even notes in his own declaration that Hyatt told him, "[T]he fact that I had a tattoo that read 'My Crazy Life' and that the victim was a gang member, [meant] that the D.A. would 'chew me up' with these two factors front of a jury" (Avalos Decl. 3).

Petitioner has also failed to take into account the inconsistent stories he told the police. Initially, he told police that a passenger in his car was responsible for the shooting (Ex. K at 3). Then, in a story he later admitted to fabricating, he claimed that he mistook the victim for being one of a group of people who him taunted at knife-point in an alley (*id.* at 3-4). In this version of the events, petitioner took the handgun from the passenger and fired at the victim (*id.* at 4). Later, petitioner claimed once again that the passenger actually committed the shooting, but petitioner took the blame out of fear for his and his family's safety (*ibid.*).

A reasonable attorney could conclude that further investigation or preparation for trial was unnecessary because there was substantial circumstantial evidence that the crime was gang-related, petitioner had damaged his credibility by giving police contradictory stories, and had ultimately confessed to the shooting. Petitioner also does not describe what other evidence counsel would have discovered upon further investigation that would have corroborated petitioner's denial of being a gang member, and thus he has not shown prejudice from the failure to conduct such further investigation.

8

In both his petition and his traverse, petitioner claims that Hyatt should have advised him of defenses to the gang allegations. However, the only "defense" petitioner suggests Hyatt should have advised him about is petitioner's denying that he was a gang member (Avalos Decl. 2). Hyatt reasonably assessed that the jury would not believe this defense because of the evidence of petitioner's tattoos, the victim's gang status, petitioner's associating with other gang members in jail, and petitioner's credibility problems (Ex. K at 5). *See Broce*, 488 U.S. at 571 (a petitioner may not challenge an otherwise-valid guilty plea based on a strategic miscalculation). Moreover, petitioner cannot deficient performance or prejudice from the failure to pursue any other defenses because petitioner does not specify what any of those other defenses were, how Hyatt might have discovered them, or whether they would have had any success. *See Hill*, 474 U.S. at 59 (determination of prejudice in a failure to advise the defendant of potential affirmative defenses "will depend largely on whether the affirmative defense likely would have succeeded at trial").

Consequently, the state court's denial of these claims was neither contrary to nor an unreasonable application of clearly established federal law

## CONCLUSION

For the reasons described above, the petition for writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED: December 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\AVALOS0949.RUL.wpd